UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSELITO QUINONES,

                 Petitioner,                MEMORANDUM AND ORDER
    -against-                          NOT FOR PUBLICATION

DALE ARTUS, Superintendent of             10-CV-1992 (CBA)
Clinton Correctional Facility,

               Respondent.
-----------------------------------------------------------X
AMON, United States District Judge:

On April 28, 2010, pro se petitioner Joselito Quinones filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

**Background**

Petitioner challenges the July 19, 2004 judgment in Kings County, New York in which he was convicted of attempted murder in the second degree, and second and third degree criminal possession of a weapon. He was sentenced to 12 and one-half years imprisonment. The Supreme Court of New York, Appellate Division, Second Department, affirmed the conviction on June 26, 2007. People v. Quinones, 840 N.Y.S.2d 804, 41 A.D.3d 868 (N.Y. App. Div. 2007). His application for leave to appeal to the New York Court of Appeals was denied on December 28, 2007. People v. Quinones, 880 N.E.2d 882, 9 N.Y.3d 1008, 850 N.Y.S.2d 396 (2007). Petitioner did not appeal to the United States Supreme Court.

Petitioner also filed two post-conviction motions in New York state court. He asserts that he filed three different motions for collateral relief pursuant to New York Criminal Procedure Law § 440.10, which were denied on November 3, 2004, June 28, 2007, and December 2, 2008. See Petition ¶ 11. He also filed an application for a writ of error coram nobis, which the Appellate Division, Second Department, denied on November 10, 2009. People v. Quinones, 887 N.Y.S.2d 869, 67 A.D.3d 824

(N.Y. App. Div. 2009). The Court received the instant petition on April 28, 2010.

**Discussion**

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress

established a one-year period of limitations for the filing of an application for a writ of habeas corpus by

a person in custody pursuant to a State court judgment. See 28 U.S.C. § 2244(d)(1). The AEDPA

provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States
> is removed, if the applicant was prevented from filing by such State
> action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1). If a "properly filed" application for State post-conviction or other collateral

review with respect to the judgment of conviction was "pending" at any time during that one-year period,

the time during which this application was pending does not count toward the one-year period. 28 U.S.C.

§ 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v.

McGinnis, 208 F.3d 13, 17 (2d Cir.) (per curiam), cert. denied, 531 U.S. 840 (2000). "Equitable tolling,

however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d

133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). A

petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to

have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000). See also Day v. McDonough, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However,

> unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard.

Acosta, 221 F.3d at 125.

The facts alleged in the petition are insufficient to determine whether petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 was filed within the statute of limitations. The New York Court of Appeals denied leave to appeal on December 28, 2007. As petitioner did not pursue his appeal to the United States Supreme Court, the judgment of conviction became final ninety days later on March 27, 2008, when the time to seek a writ of certiorari had expired. If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had one year from that date, or until March 27, 2009, to file his petition.

Petitioner may benefit from statutory tolling under 28 U.S.C. § 2244(d)(2) if his state petitions for post-conviction relief were pending during that period and beyond, but he does not indicate the dates on which his third § 440.10 motion and his application for a writ of error coram nobis were filed.

Accordingly, petitioner is directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[1] See Day,

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

547 U.S. at 209-10; <u>Acosta</u>, 221 F.3d at 125. He must state the dates on which he submitted his post-conviction motions to state court. If he believes that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case or should he have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation and shall append to his affirmation documentary evidence, if available, supporting his allegations. No response shall be required from respondent at this time, and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

      SO ORDERED.

Dated: Brooklyn, New York
      May _6, 2010

/S/

Carol Bagley Amon
United States District Judge