UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSELITO QUINONES,

        Petitioner,

-against-

DALE ARTUS,
Superintendent,

        Respondent.
------------------------------------------------------------x

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
10-CV-1992 (CBA)

FILED
U.S. CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 30 2013 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge.**

Joselito Quinones, pro se, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks to vacate his New York state conviction following a jury trial in the Supreme Court of New York, Kings County, of attempted murder and two counts of criminal possession of a weapon. For the reasons stated below, Quinones's petition is denied.

## BACKGROUND

In 2004, Quinones was convicted of attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. The state's case against Quinones arose out of allegations that he shot a man named Matthew Sinacore following a traffic dispute and physical altercation. At trial, Quinones did not dispute that he shot Sinacore, but rather attempted to demonstrate, primarily through his own testimony, that the shooting was justified because Quinones reasonably believed that Sinacore was about to use deadly force against him. On July 19, 2004, Quinones was sentenced to a prison term of twelve and one-half years.

1

On July 21, 2004, Quinones, appearing pro se, made his first motion to vacate the judgment under New York Criminal Procedure Law § 440.10. Quinones raised three claims: (1) that the state failed to disclose prior statements of a trial witness in a timely manner; (2) that a line-up identification of Quinones should have been suppressed as unduly suggestive; and (3) that a detective testified falsely concerning a statement made by Quinones. On November 3, 2004, the State Supreme Court summarily denied the motion, holding that each of Quinones's claims was based on the trial record, and thus could only be raised on his direct appeal, which had not yet been perfected. People v. Quinones, No. 2747/2003, slip op. (N.Y. Sup. Ct. Nov. 3, 2004). Quinones did not seek leave to appeal the denial of the § 440.10 motion.

On his direct appeal to the Appellate Division, Second Department, Quinones, through assigned counsel, raised two claims: (1) that his right to a fair trial was violated when the trial court, while charging the jury, directed a court officer to wake a sleeping juror but did not inquire as to how much of the charge the juror had slept through; and (2) that the trial court, in giving a missing witness instruction, failed to instruct the jury that it could consider a witness's young age in determining whether to draw an adverse inference and failed to reiterate the state's burden of proof. In a footnote, Quinones's appellate counsel asserted without elaboration that trial counsel was ineffective for failing properly to object to either of the two issues at trial. (See Respondent Ex. E, Def. Br. to the App. Div., June 2006, at 26-27 n.4.)

In a pro se supplemental brief to the Appellate Division, Quinones pressed three additional claims: (1) that the admission of two 911 calls at trial violated his right to confrontation; (2) that the trial court demonstrated bias in its "excessive questioning" of Quinones and other witnesses while on the stand; and (3) that the prosecutor engaged in misconduct for improper comments made

during summation. Quinones also briefly suggested, at the end of his Confrontation Clause argument, that his trial counsel was ineffective for failing to object to the admission of the 911 calls. (See Respondent Ex. G, Def. Supp. Br. to the App. Div, at 10.)

On June 26, 2007, the Appellate Division affirmed the judgment of conviction. People v. Quinones, 840 N.Y.S.2d 804 (2d Dep't 2007). The court found that all five of Quinones's principal claims were unpreserved for appellate review. Regarding the allegedly sleeping juror, the court noted that "[t]he defendant did not request that the court make an inquiry of the juror, nor did he move to discharge the juror," thus demonstrating his "willingness to continue to accept the juror as a trier of fact." Id. at 805. Although Quinones had lodged a general objection to the giving of a missing witness instruction at all (see Trial Tr. at 1401-8), the Appellate Division observed that "no specific requests for instructions were made prior to the charge, and no objections were raised or requests made to further instruct the jury following the charge." Quinones, 840 N.Y.S.2d at 805. The court concluded by stating briefly that the defendant's supplemental claims related to the Confrontation Clause, the trial court's questioning, and the prosecutor's summation were "unpreserved for appellate review." Id. The Appellate Division made no mention of the statements in Quinones's briefs that his trial counsel was ineffective. Leave to appeal to the New York Court of Appeals was denied. People v. Quinones, 9 N.Y.3d 1008 (Dec. 28, 2007).

On December 28, 2006, while his direct appeal was pending, Quinones, appearing pro se, made a second § 440.10 motion to vacate the judgment. He raised various claims of ineffective assistance of counsel, including claims related to counsel's failure to explain his objections during trial, failure to call expert witnesses, failure to challenge a line-up identification, and failure to prepare Quinones for his testimony. On June 28, 2007, the State Supreme Court denied the motion.

3

People v. Quinones, No. 2747/2003, slip op. (N.Y. Sup. Ct. June 28, 2007). The court held that most of Quinones's allegations were based on the trial record and could adequately be addressed on appeal. Id. at 2. Additionally, Quinones had failed to present any reason why his claims could not have been made in his first § 440.10 motion. Id. For those claims that relied on matters outside the record, the court determined that Quinones had not met his burden of demonstrating that his counsel's performance fell below a reasonable standard of effectiveness or that he was prejudiced thereby. Id. at 2-3. Quinones did not seek leave to appeal to the Appellate Division.

On July 24, 2008, Quinones made a third § 440.10 motion to vacate the judgment. He again raised claims of ineffective assistance of counsel, this time claiming that counsel failed to preserve the five claims that Quinones raised on direct appeal to the Appellate Division. On December 2, 2008, the State Supreme Court denied the motion. People v. Quinones, No. 2747/2003, slip op. (N.Y. Sup. Ct. Dec. 2, 3008). The court held that Quinones's claims were procedurally barred because they were based only on the trial record and thus should have been raised on direct appeal, notwithstanding the court's observation that Quinones had made certain arguments related to ineffective assistance in his briefs to the Appellate Division that were not addressed in the appellate decision. Id. at 2. The trial court also held that because Quinones had not presented any reasons why his current claims could not have been raised in either of his prior § 440.10 motions, the claims were procedurally barred under § 440.10(3)(c). Id. at 3. Quinones's application for leave to appeal to the Appellate Division was denied. People v. Quinones, No. 2009-00609, slip op. (2d Dep't Mar. 17, 2009).

On April 30, 2009, Quinones made a motion in the Appellate Division for a writ of error coram nobis. He raised a claim of ineffective assistance of appellate counsel for failure to raise

various claims of ineffective assistance of trial counsel. In a brief order, the Appellate Division denied the motion on the merits. People v. Quinones, 887 N.Y.S.2d 869 (2d Dep't Nov. 10, 2009).

In his federal habeas petition, Quinones brings only the five claims raised on his direct appeal: (1) that the trial court violated his right to a fair trial by not inquiring of a sleeping juror; (2) that the trial court omitted critical aspects of the missing witness instruction to the jury; (3) that the admission of two 911 calls violated his right to confrontation; (4) that the trial court engaged in excessive questioning of Quinones and other witnesses; and (5) that the prosecutor made various improper remarks during summation. Quinones has not raised any claims of ineffective assistance of counsel.

## DISCUSSION

### I.  Procedural Default

On Quinones's direct appeal, the Appellate Division found that all five claims he seeks to press here were unpreserved for appellate review under New York's contemporaneous objection rule. See N.Y. C.P.L. § 470.05(2). Under the New York contemporaneous objection rule, appellate review of a trial court ruling is precluded unless an objection was made to the ruling "by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." Id. As interpreted by New York courts, the rule requires that "any matter which a party wishes to preserve . . . be brought to the attention of the trial court at a time and in a way that gave it the opportunity to remedy the problem and thereby avert reversible error." Whitley v. Ercole, 642 F.3d 278, 286 (2d Cir. 2011) (internal quotation marks and alteration omitted). A general objection is not sufficient, as "New York's highest courts uniformly instruct that to preserve a particular issue for appeal, [a] defendant must specifically

focus on the alleged error." Garvey v. Duncan, 485 F.3d 709, 714-15 (2d Cir. 2007) (collecting cases).

Where a state court rejects a claim based on the petitioner's failure to comply with a state procedural rule, the procedural default may constitute an independent and adequate ground for the state court's decision, barring federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 729-30, 749-50 (1991). A determination that a claim is unpreserved is a sufficient indication that the state court denied the claim on state procedural grounds. See Green v. Travis, 414 F.3d 288, 294-95 (2d Cir. 2005). A state procedural rule is an "adequate" ground for decision where it is "firmly established and regularly followed," and does not fall into the narrow class of "exceptional cases" where the rule is exorbitantly misapplied. Downs v. Lape, 657 F.3d 97, 102 (2d Cir. 2011) (internal quotation marks omitted).

Courts in this Circuit have consistently held that failure to comply with the contemporaneous objection rule is an adequate and independent bar to federal habeas review. See Downs, 657 F.3d at 102-08 (2d Cir. 2011); Gonzalez v. Cunningham, 670 F. Supp. 2d 254, 261 (S.D.N.Y. 2009) (citing Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007)). Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S.

6

478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the challenged trial ruling "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494 (internal quotation marks and emphasis omitted). The exception to procedural default for a "fundamental miscarriage of justice" requires a colorable showing that "a constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey v. Zant, 499 U.S. 467, 494-95 (1991).

Despite Quinones's history of litigation before the state courts, his habeas petition does not acknowledge the procedural bar to his claims, nor does it advance any arguments for excusing it. Although Quinones made certain claims of ineffective assistance of counsel at various points during his state court proceedings, there is no suggestion in Quinones's § 2254 petition that he is attempting to assert cause for his procedural default on those grounds, or that such a claim is independently exhausted and not procedurally barred. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000); Murray, 477 U.S. at 489.

Quinones does not argue that the contemporaneous objection rule was an inadequate state law ground in this case, or that the Appellate Division misapplied the rule. Indeed, the contemporaneous objection rule appears to be regularly followed by New York courts in analogous circumstances. See, e.g., People v. Thomas, 50 N.Y.2d 467, 471-72 (1980) (claim that portion of jury charge could be interpreted as shifting burden of proof was unpreserved); People v. Philbert, 874 N.Y.S.2d 540 (2d Dep't 2009) (claim related to prosecutor's summation unpreserved); People v. Bigwarfe, 825 N.Y.S.2d 813 (3d Dep't 2006) (claim of trial court bias unpreserved); People v. Fenderson, 611 N.Y.S.2d 220 (2d Dep't 1994) (claim related to sleeping juror unpreserved); People

v. Edwards, 554 N.Y.S.2d 553 (1st Dep't 1990) (claim related to "tender years" addendum to missing witness charge unpreserved).

The Court concludes that the Appellate Division correctly found that Quinones's claims regarding the allegedly sleeping juror, the missing witness instruction, the trial court's questioning of Quinones and other witnesses, and the prosecutor's summation were procedurally defaulted for failure to comply with the contemporaneous objection rule. However, a review of the record reveals that Quinones's counsel did in fact comply with the contemporaneous objection rule with respect to Quinones's Confrontation Clause claim. When the prosecutor sought to admit the 911 calls into evidence under the excited utterance exception to the hearsay rule, Quinones's counsel argued that admission of the tape would constitute a "violation of [Quinones's] right to confront" the caller, since the caller was "testifying about the event" and "reflecting upon what it is that just happened." (Trial Tr. at 1160-67.)

Accordingly, this Court finds that with the exception of the Confrontation Clause claim, the claims Quinones seeks to advance in his habeas petition are procedurally defaulted. See Fong v. Poole, 522 F. Supp. 2d 642, 649 (S.D.N.Y. 2007) ("A state court's finding of procedural default rests on an inadequate procedural ground where the record demonstrates that counsel did, in fact, comply with the contemporaneous objection rule.").

## II. Merits of Petitioner's Section 2254 Claims

For the reasons discussed below, the Court finds Quinones's claims to be without merit.

### A. Confrontation Clause

Quinones contends that the admission of the recordings of two 911 calls violated the Confrontation Clause of the Sixth Amendment. Because the Appellate Division did not deny

Quinones's Confrontation Clause challenge on an adequate and independent procedural state ground, this Court's review of that claim is de novo.

The Confrontation Clause prohibits the admission of out-of-court "testimonial" statements against a criminal defendant at trial unless the declarant is unavailable and the defendant has had a prior opportunity to cross-examine the declarant. In Davis v. Washington, 547 U.S. 813 (2006), the Supreme Court clarified that the scope of the Confrontation Clause is confined to testimonial statements. See also Bierenbaum v. Graham, 607 F.3d 36, 49 (2d Cir. 2010) ("Nontestimonial statements . . . do not implicate the Confrontation Clause."). The "critical factor," in identifying Confrontation Clause violations is "the declarant's awareness or expectation that his or her statements may later be used at a trial." United States v. Farhane, 634 F.3d 127, 163 (2d Cir. 2011) (internal quotation marks omitted).

The first call Quinones challenges was made by Melissa Sinacore, the victim's sister, who called 911 immediately after her brother was shot. (See Trial Tr. at 1157.) The admission of Sinacore's 911 call does not implicate the Confrontation Clause since Sinacore testified at trial and was available for cross-examination. (See id. at 784). Quinones's argument that his counsel was precluded from cross-examining Sinacore about the contents of the 911 call because the recording was introduced after Sinacore took the stand is unavailing, since defense counsel could have requested to recall her. See Evans v. Fischer, 712 F.3d 125, 135 n.6 (2d Cir. 2013) (finding no Confrontation Clause violation where the "author of the hearsay statement . . . testified at trial and was available for cross-examination, presumably including further cross-examination after admission of the written statement, which was not requested by defense counsel."); Flournoy v. Brown, No. 09-CV-2338 NGG LB, 2012 WL 1450288, at *9 (E.D.N.Y. Apr. 26, 2012).

The second call, placed two minutes after Sinacore's call, was made by an unidentified person who did not testify at trial:[1]

| | |
|---|---|
| OPERATOR: | Police Operator 2242. Where is the emergency? |
| CALLER: | I just witnesse[d] a shooting right now. |
| OPERATOR: | What borough? |
| CALLER: | In Brooklyn. |
| OPERATOR: | What is the location in Brooklyn? |
| CALLER: | Just copy this number before I forget it: CDX2684. |
| OPERATOR: | C as in Charlie, B as in boy . . . |
| . . . | |
| CALLER: | Yes, that's the plate that shot the guy, that sho[]t right into the car. It looked like a dispute. |
| OPERATOR: | What is the location? |
| CALLER: | Bushwick and Grand Street. Yeah, the guy went down Grand Street towards the higher numbers. |
| OPERATOR: | Down Grand Avenue. |
| CALLER: | It went towards, it went on Grand Avenue, but he went all the way towards Grand Avenue from Bushwick. |
| OPERATOR: | Bushwick. |
| CALLER: | Listen . . . (inaudible) CD . . . |
| OPERATOR: | Hold up, hold up. Bushwick Avenue doesn't cross at Grand Avenue . . . Is it Grant or Grand? |

---

[1] The trial transcript does not contain a transcription of the recording and this Court does not have the audiotape of the recording before it. The Court therefore relies on the transcription set forth as an exhibit to Quinones's coram nobis petition. (See Pet. Application for Error Coram Nobis, Ex. D, at 8-9.)

10

| | |
|---|---|
| CALLER: | I know . . . On Grand Avenue it does. Tell the cops, they just passed me, they're going the wrong way. |
| OPERATOR: | Grand Avenue. |
| CALLER: | Yeah, he went down Grand Avenue towards like, ah, where Grand, Grand . . . |
| OPERATOR: | Grand . . . |
| CALLER: | Yeah, but the car went chasing . . . I think he shot the kid in the backseat. |
| OPERATOR: | Grand Avenue. |
| CALLER: | Yes, I'm definitely for sure the plate is CDX2684. It's a red Pontiac. It looked like the kid pulled out a silver gun and shot him in the back. |
| OPERATOR: | Okay. And the kids in the car got back in the car? |
| CALLER: | Yeah, he got back in the car. The girl got herself over . . . They went chasing the car, so I hope . . . |
| OPERATOR: | I need a location, sir. |
| CALLER: | Grand Avenue. |
| OPERATOR: | Grand Avenue doesn't cross Bushwick Avenue. |
| CALLER: | Grand Avenue, Grand Avenue and Bushwick Avenue. I'm out of here. Bye. |

The Court has little trouble concluding the caller's statements in the 911 call were not "testimonial" for Confrontation Clause purposes. The unidentified individual who called 911 did so in response to an ongoing emergency. In <u>Davis</u>, the Supreme Court held that statements made "under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency" are not testimonial. <u>Davis</u>, 547 U.S. 813,

822 (2006); see, e.g., United States v. Chen Kuo, No. 10-CR-671 S-1 KAM, 2011 WL 145471, at *8-9 (E.D.N.Y. Jan. 18, 2011) ("[S]tatements of 911 callers, made during an ongoing emergency and for the purpose of obtaining police assistance, are nontestimonial, and thus admission of such statements does not violate a defendant's rights under the Confrontation Clause."). Accordingly, Quinones's Confrontation Clause claim is denied as without merit.[2]

B. Sleeping Juror

Quinones argues that he was deprived of a fair trial because a juror appeared to be sleeping while the Court instructed the jury. The sole basis for Quinones's claim is one point in the jury charge during which the trial court stated, "Do me a favor" and the court reporter noted in the trial transcript: "(Court officer waking up juror number three)." (Trial Tr. at 1494.) The court then continued with its charge.

This claim is both procedurally defaulted and without merit. First, Quinones has not demonstrated, on these sparse facts, that the juror was in fact asleep or missed any part of the trial or jury charge. The trial court judge is best positioned to assess alleged juror misconduct and has "wide discretion to decide upon the appropriate course to take, in view of his personal observations of the jurors and parties." Faria v. Perez, No. 04-CV-2411 RRM, 2012 WL 3800826, at *12 (E.D.N.Y. Sept. 2, 2012) (quoting United States v. Aiello, 771 F.2d 621, 629 (2d Cir. 1985)). In Guinyard v. Keane, this Court rejected a habeas claim premised on the state court's comment, during its charge: "Everybody awake here? Let me see. We have someone who is—wake up. All right." No. 00 CV 6841(JBW), 2002 WL 459923, at *1 (E.D.N.Y. Feb. 27, 2002), aff'd, 56 Fed.

---

[2] Even if the trial court here had improperly admitted the 911 calls under state rules governing hearsay, that error would not change the Court's conclusion that Quinones's confrontation rights were not violated. See Delesline v. Conway, 755 F. Supp.2d 487, 499-500 (S.D.N.Y. 2010) ("[T]he admission of a hearsay statement will not violate the Confrontation Clause unless this statement is testimonial.").

App'x 44, 45-46 (2d Cir. 2003). The Court noted that there was "no proof that a juror was asleep" and that the court's statement "may have been designed to perk up a juror whose eyes appeared glazed over and who was on the edge of nodding or lapsing into sleep." Id.

Second, Quinones has not claimed that he was prejudiced as a result of any alleged juror misconduct. Faria, 2012 WL 3800826, at *12 (denying habeas relief where petitioner failed to argue that an allegedly sleeping juror "adversely affected the jury's deliberations or had a substantial and injurious effect on its ultimate conclusions"); see Guinyard, 56 Fed. App'x at 46 (noting that defense counsel's failure to object to a sleeping juror was among "objectively reasonable strategic choices"); see also Ciaprazi v. Senkowski, 151 Fed. App'x 62, 63 (2d Cir. 2005) (rejecting ineffective assistance claim predicated on sleeping juror).

### C. Missing Witness Instruction

Quinones asserts that he was deprived of a fair trial because the trial court's missing witness charge failed to instruct the jury to consider his younger brother's age in deciding whether to draw an adverse inference from Quinones's failure to call him. Quinones also claims that the trial court failed to instruct the jury that the burden of proof remained with the state.

As a threshold matter, missing witness charges are generally a matter of state law and not subject to habeas review. See Estelle v. McGuire, 502 U.S. 62, 71-72 (1992) ("[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief."); United States v. Caccia, 122 F.3d 136, 139 (2d Cir. 1997) ("[T]he giving of missing witness instructions is generally a matter left to the discretion of the trial judge."). Such a challenge would be cognizable on federal habeas review only if a petitioner can show "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was

guaranteed to the defendant by the Fourteenth Amendment." Cupp v. Naughten, 414 U.S. 141, 146 (1973).

The failure of the trial court to give the so-called "tender years addendum" did not rise to the level of constitutional error. A habeas petitioner's burden in challenging an omission from a jury instruction is "especially heavy" because it "is less likely to be prejudicial than a misstatement of the law." Henderson v. Kibbe, 431 U.S. 145, 155 (1977). Because the trial court made clear to the jury that the adverse missing witness inference was merely permitted, not required, (Trial Tr. at 1500), the failure to give the further "tender years addendum" does not warrant habeas relief. Moreover, contrary to Quinones's suggestion, the trial court did in fact remind the jury that the state retained the burden of disproving the justification defense beyond a reasonable doubt both before and after giving the missing witness instruction, (id. at 1500-1), and the prosecutor acknowledged the same when discussing the missing witness in his summation (id. at 1476). Accordingly, the Court denies this claim.

### D. Trial Court Questioning

Quinones argues that he was deprived of a fair trial when the trial court questioned him and other witnesses extensively during his testimony. For the reasons stated above, this claim is procedurally barred. It is also without merit.

The trial court's questioning of witnesses consisted primarily of neutral clarification of the testimony, and Quinones has not demonstrated that the court's conduct was so inappropriate or demonstrative of bias that it violated his right to a fair trial. "[A] trial judge's intervention in the conduct of a criminal trial would have to reach a significant extent and be adverse to the defendant to a substantial degree before the risk of either impaired functioning of the jury or lack of the

appearance of a neutral judge conducting a fair trial exceeded constitutional limits." Daye v. Att'y General, 712 F.2d 1566, 1572 (2d Cir. 1983); see also Garcia v. Warden, 795 F.2d 5, 7 (2d Cir. 1986) ("extensive questioning by a trial judge does not necessarily equate with unfairness"); Brown v. McKinney, 358 F. Supp. 2d 161, 173 (E.D.N.Y. 2005) ("[T]o prevail on a claim of judicial misconduct, petitioner must show that the state trial judge's conduct was so fundamentally unfair as to deprive him of his constitutional right to due process.")

Moreover, it is "well within the power of the trial judge to question witnesses including the defendant. . . . to test the memory of witnesses, to avoid confusion on the part of jurors, and to clarify points that are deliberately obfuscated or are simply confusing." Gayle v. Scully, 779 F.2d 802, 813 (2d Cir. 1985). This Court has reviewed the challenged questioning by the trial judge and does not find it to be among the "rare cases in which the trial judge's . . . conduct can be said to have risen to the level of a due process violation warranting federal court intervention." Villafane v. Artus, CV-09-5545 SJF, 2011 WL 6835029, at *34 (E.D.N.Y. Nov. 17, 2011).

### E. Prosecutor's Summation

Finally, Quinones alleges that the prosecutor made improper comments during summation, including characterizing Quinones as a liar, vouching for the credibility of witnesses, and shifting the burden to the defendant. This claim is both procedurally barred and without merit. Under clearly established Supreme Court law, when a petitioner seeks federal habeas relief on the grounds of improper prosecutorial remarks, "it is not enough the prosecutors' remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation marks and citation omitted). Rather, the petitioner must show that "the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Id.

15

(quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)); see United States v. Young, 470 U.S. 1, 11 (1985) ("Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding."). The prosecutor's remarks, moreover, "must be evaluated in light of the defense argument that preceded it." Darden, 477 U.S. at 179. This Court finds that the prosecutor's summation (Trial Tr. at 1451-80) generally consisted of fair comments on the evidence, and any improper remarks were, in any event, not sufficiently egregious to create constitutional error. Accordingly, this claim is denied.

## III. CONCLUSION

The petition for a writ of habeas corpus is denied. Since Quinones has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment and to close the case.

SO ORDERED.

Dated: September 30, 2013
Brooklyn, N.Y.

Carol Bagley Amon
Chief United States District Judge